## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MATTHEW RUBBA and LARRY PROVOST, on behalf of themselves and all others similarly situated, | ) ) ) Case No.: |
| | ) |
| Plaintiffs, | ) **CLASS ACTION COMPLAINT** |
| v. | ) |
| | ) |
| | ) **DEMAND FOR JURY TRIAL** |
| TOMTOM NORTH AMERICA INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

## PLAINTIFFS' CLASS ACTION COMPLAINT AND JURY DEMAND

Plaintiffs Matthew Rubba and Larry Provost bring this action against Defendant TomTom North America Inc. ("Defendant" or "TomTom"), by and through their attorneys, individually and on behalf of all others similarly situated, and allege as follows:

## INTRODUCTION

1.    This is a class action lawsuit brought by Plaintiffs on behalf of themselves and a class of purchasers of TomTom's global positioning system ("GPS") devices, including: GO, ONE, XL, VIA, START, XXL, and EASE

1

(collectively, the "GPS Products").[1] TomTom designed, manufactured, marketed and warranted the GPS Products.

2.      The GPS Products all came with a Lifetime Maps guarantee whereby TomTom offered any purchasers of the GPS Products a guarantee that if they purchased one of the GPS Products, TomTom would provide updated maps for the lifetime of the device. The Lifetime Maps guarantee appears prominently in all of TomTom's advertisements, and is printed on the GPS Products' boxes.

3.      On or about January 2018, TomTom issued an announcement stating that it was terminating the lifetime map updates for the GPS Products. Ostensibly, TomTom stated the reason for this sudden termination was the "older generation navigation devices do not have sufficient resources to run the newest maps and software available." Instead of continuing to design and release maps that were compatible with the GPS Products, TomTom stopped supporting the GPS Products all together to enhance its bottom line.

4.      Plaintiffs and members of the Classes (defined below) assert claims against Defendant for violation of the New York General Business Law Sections 349 and 350, violation of the New Jersey Consumer Protection Act, the Magnuson-

---

[1] A chart of all GPS Products by model number can be found at Paragraph 35, *infra*. Upon information and belief, TomTom has also discontinued Lifetime Maps for additional TomTom GPS devices that are not listed in Paragraph 35. Plaintiffs will update the list of GPS Products after discovery.

Moss Warranty Act, 15 U.S.C. § 2301, *et seq.*, as well as breach of express and implied warranties.

5.    As a direct result of TomTom's wrongful conduct, Plaintiffs and members of the Classes have been harmed and are entitled to actual damages, including damages for the benefit of the bargain they struck when purchasing their GPS Products, the diminished value of their GPS Products, statutory damages, attorneys' fees, costs, restitution, and injunctive and declaratory relief.

6.    Specifically, Plaintiffs seek: buyback of their GPS Products; compensation for the loss in value and depreciation of the GPS Products due to TomTom's decision to stop supporting the devices with Lifetime Maps; or, in the alternative, an order requiring TomTom to honor its warranty obligations and continue supporting Lifetime Maps for the GPS Products, including a notice campaign informing Class Members of same.

## **JURISDICTION AND VENUE**

7.    This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1332 of the Class Action Fairness Act of 2005 because: (i) there are 100 or more class members, (ii) there is an aggregate amount in controversy exceeding $5,000,000, exclusive of interest and costs, and (iii) there is minimal diversity because at least one plaintiff and one defendant are citizens of different States. This court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C.

§ 1367 and jurisdiction over the Magnuson Moss Warranty Act claim by virtue of diversity jurisdiction being exercised under the Class Action Fairness Act ("CAFA").

8.      Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendant has advertised in this District and received substantial revenues and profits from its sales of the GPS Products which it has directed into the stream of commerce in this District. Therefore, a substantial part of the events or omissions giving rise to the claims occurred in this District, and Defendant is subject to personal jurisdiction in this District.  While Defendant is a foreign company, New Jersey is the location where a number of the class members bought the GPS Products, where one of the two proposed class representatives reside, and where many of the injuries occurred. Defendant also actively advertises and markets its GPS Products in the New Jersey market and the market provides a significant share of corporate income for Defendant.

9.      This Court has personal jurisdiction over Defendant because it has conducted substantial business in this judicial district, and intentionally and purposefully placed the GPS Products into the stream of commerce within New Jersey and throughout the United States.

## PARTIES

### Plaintiff Matthew Rubba

10.     Plaintiff Matthew Rubba is a citizen and resident of the State of New Jersey.

11.     In or about 2002, Plaintiff Rubba purchased a TomTom Start 50 GPS Product for approximately $200.

12.     Prior to purchase, Plaintiff reviewed advertisements and statements from TomTom on the GPS Product's packaging that stated it came with Lifetime Maps. As a result of these advertisements and statements, Plaintiff purchased the Start 50 GPS Product.

13.     Prior to purchase, Plaintiff reviewed advertisements and statements from TomTom on the GPS Product's packaging that stated it came with Lifetime Maps. Plaintiff relied on those advertisements and statements, and as a result, Plaintiff purchased the Start 50 GPS Product.

14.     In January 2018, TomTom announced that Plaintiff's GPS Product would no longer receive Lifetime Maps.

15.     Had Plaintiff Rubba known that TomTom's Lifetime Maps guarantee was, in reality, not a lifetime guarantee, Plaintiff Rubba would not have purchased his GPS Product, or would have paid substantially less for it.

16.     When Plaintiff Rubba purchased his GPS Product, he reasonably relied on TomTom's Lifetime Maps guarantee as lasting for as long as Plaintiff Rubba owned his GPS Product.

17.    Plaintiff Rubba has suffered an ascertainable loss as a result of Defendant's unfair and deceptive conduct, breach of contractual, common law and statutory duties, and omissions and/or misrepresentations associated with Lifetime Maps, including but not limited to, out-of-pocket losses and diminished value of his GPS Product.

**Plaintiff Larry Provost**

18.    Plaintiff Larry Provost is a citizen and resident of the State of New York.

19.    On or about September 9, 2014, Plaintiff purchased a TomTom Via 1505M GPS Product from Amazon for approximately $200. When plugged into a computer, the computer software indicates that it is a TomTom "Start" model device.

20.    Prior to purchase, Plaintiff reviewed advertisements and statements from TomTom on the GPS Product's packaging that stated it came with Lifetime Maps. As a result of these advertisements and statements, Plaintiff purchased the Via 1505M GPS Product.

21.    In January 2018, TomTom announced that Plaintiff's GPS Product would no longer receive Lifetime Maps, less than five years after Plaintiff purchased the GPS Product.

22.     Had Plaintiff known that TomTom's Lifetime Maps guarantee was, in reality, a less than five-year guarantee, Plaintiff would not have purchased his GPS Product, or would have paid substantially less for it.

23.     When Plaintiff purchased his GPS Product, he reasonably relied on TomTom's Lifetime Maps guarantee as lasting for as long as Plaintiff owned his GPS Product.

24.     Plaintiff has suffered an ascertainable loss as a result of Defendant's unfair and deceptive conduct, breach of contractual, common law and statutory duties, and omissions and/or misrepresentations associated with Lifetime Maps, including but not limited to, out-of-pocket losses and diminished value of his GPS Product.

**Defendant**

25.     Defendant TomTom North America Inc. is a California company with its principal place of business at 11 Lafayette Street in Lebanon, New Hampshire.

26.     At all times relevant to this action, Defendant and/or its agents manufactured, distributed, sold, leased, and warranted the GPS Products throughout the United States. Defendant and/or its agents also developed and disseminated the owner's manuals, warranty booklets, advertisements, and other promotional materials relating to the GPS Products.

## TOLLING OF STATUTES OF LIMITATION

27.    Any applicable statute(s) of limitations have been tolled by Defendant's knowing and active concealment and denial of the facts alleged herein. Plaintiffs and the members of the Class could not have reasonably discovered Defendant's intent to not honor its Lifetime Maps guarantee and breach its written warranties until shortly before this class action litigation was commenced. As a result of Defendant's active concealment, any and all applicable statutes of limitations otherwise applicable to the allegations herein have been tolled.

## FACTUAL ALLEGATIONS

28.    TomTom designs, manufactures, markets and sells the GPS Products throughout the United States.

29.    Generally, GPS products are satellite-based navigation systems that receive information from GPS satellites and then calculate the device's precise geographical position. With software, the device can display the device's position on a map and offer directions based on the location.

30.    TomTom advertises its GPS products as allowing its purchasers to "Enjoy the freedom and thrill of the road! Let your GPS take care of lane guidance, road, and traffic updates, and directions to rest stops and attractions along the way."[2]

---

[2] https://www.tomtom.com/en_us/navigation/ (last visited June 1, 2019).

31.    An important feature in GPS products is the ability to update maps to reflect new speed limits, new roads, modifications to existing roads, new routes is crucial. For instance, an out-of-date GPS product may fail to alert a driver to newly reduced speed limits, try to direct them to their route based on unsafe roads or roads that no longer exist, and more.

32.    Due to the importance of presenting purchasers and users with the most up-to-date maps, TomTom advertises and markets its GPS Products as coming with Lifetime Maps (or Lifetime Maps and Traffic) that promises to provide its purchasers and users with these critical updates for as long as the GPS Product is used.

33.    The Lifetime Maps is featured prominently in the advertising materials for the GPS Products, including being printed on the outside of the packaging for the GPS Products. Exemplars of such advertisements are included below:



9





34.    In January 2018, TomTom announced that it was ceasing Lifetime Maps updates for the GPS Products. Its announcement was posted to its website and states the following:

> A Every day, at TomTom, we work very hard to bring you the best navigation experience ever. A big part of this work is to continuously improve the quality of the maps, services, and software that your navigation device runs on.
>
> It has become clear that some of our older generation navigation devices do not have sufficient resources to run the newest maps and software available.
>
> **HOW IT WILL AFFECT YOUR DEVICE (DEVICES WITH LIFETIME MAPS ARE NOT AFFECTED)**
>
> For affected devices (see the full list of affected devices),
>
> - You will not be able to renew maps or services.
> - If you have an active subscription to map updates or TomTom Services, you will continue receiving those until the subscription runs out.
> - You will not receive new software updates.
> - Your device will continue to function as it does now, but your map will become out-of-date and as such navigation will be less accurate.
>
> **REPLACEMENT OFFER (only TomTom.com)**
>
> This may be the perfect opportunity to discover what our new range of navigation products has to offer you.

35.    Specifically, TomTom listed the "affected devices" that will no longer receive Lifetime Maps updates as follows:

11

| | | |
|---|---|---|
| GO 750 (W7) | XL325 | XXL530(RY)/535(RW)/540(RX)/550(GL) |
| ONE 125/130 | START (XB/XD/XF/XH) | EASE (XI/XJ/XK/XL) |
| XL 335 | GO 1000 (TD/TB) | GO 1005 (SF/SB) |
| VIA 110(AG)/130(AV) | VIA 120 (AN/AU/FM) | XXL CLASSIC SERIES (GQ) |
| GO 700 (M5) | GO 630 (JB) | GO 720 (M6) |
| GO 730 (J4) | GO 740 (WR/WL) | GO 750 (W4) |
| START 45(GT)/55(GU) | ONE IQ ROUTES (P1/PS/P2/PU) | ONE 140 (RED) (PM) |
| XL 340 | GO 820 (FT) | GO 825 (FY) |
| START 20(AO)/25(BK) | | |

36.    No reasonable consumer would believe that TomTom's Lifetime Maps would last for as short a period as TomTom actually honored the Lifetime Maps guarantee. Indeed, the word *lifetime* specifically implies that the Lifetime Maps will last for at least as long as the device remains operational.

## CLASS ALLEGATIONS

37.    Plaintiffs bring this action pursuant to the provisions of Rules 23(a), 23(b)(2), and 23(b)(3) of the Federal Rules of Civil Procedure, on behalf of themselves and the following proposed classes:

**Nationwide Class:**
All persons or entities in the United States who purchased a GPS Product.

12

38.    Pursuant to Fed. R. Civ. P. 23(c)(5), Plaintiffs seek to represent the following state classes only in the event that the Court declines to certify the Nationwide Class:

> **New York Subclass:**
> All members of the Nationwide Class who are residents of New York who purchased a Subject Product in New York.

> **New Jersey Subclass:**
> All members of the Nationwide Class who are residents of New Jersey who purchased a Subject Product in New Jersey.

39.    Excluded from the Classes are TomTom, its employees, officers, directors, legal representatives, heirs, successors, wholly- or partly-owned, and its subsidiaries and affiliates; proposed Class counsel and their employees; the judicial officers and associated court staff assigned to this case and their immediate family members; all persons who make a timely election to be excluded from the Class; governmental entities; and the judge to whom this case is assigned and his/her immediate family.

40.    Certification of Plaintiffs' claims for class-wide treatment is appropriate because Plaintiffs can prove the elements of their claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claim.

13

41.    This action has been brought and may be properly maintained on behalf of the Class proposed herein under Federal Rule of Civil Procedure 23.

42.    <u>Numerosity</u>. Federal Rule of Civil Procedure 23(a)(1): The members of the Class are so numerous and geographically dispersed that individual joinder of all Class members is impracticable. TomTom has likely sold thousands, if not tens of thousands, of the Class products in the United States. Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. Mail, electronic mail, Internet postings, and/or published notice. The Class members may be easily derived from TomTom's sales records.

43.    <u>Commonality and Predominance</u>. Federal Rule of Civil Procedure 23(a)(2) and 23(b)(3): This action involves common questions of law and fact, which predominate over any questions affecting individual Class members, including, without limitation:

a. Whether TomTom engaged in the conduct alleged herein;

b. Whether TomTom designed, advertised, marketed, distributed, sold, or otherwise placed the GPS Products into the stream of commerce in the United States;

c. Whether designed, advertised, marketed, distributed, sold, or otherwise placed the GPS Products into the stream of commerce in the United States with the intent not to sell them as advertised;

d. Whether TomTom's conduct violates consumer protection statutes, false advertising laws, sales contracts, warranty laws, and other laws as asserted herein;

14

    e.   Whether Plaintiffs and the other Class members overpaid for their GPS Products;

    f.   Whether TomTom breached its warranties to Plaintiffs and the Class;

    g.   Whether Plaintiffs and the other Class members are entitled to equitable relief, including, but not limited to, restitution or injunctive relief; and

    h.   Whether Plaintiffs and the other Class members are entitled to damages and other monetary relief and, if so, in what amount.

44.   <u>Typicality</u>. Federal Rule of Civil Procedure 23(a)(3): Plaintiffs' claims are typical of the other Class members' claims because, among other things, all Class members were comparably injured through TomTom's wrongful conduct as described above.

45.   <u>Adequacy</u>. Federal Rule of Civil Procedure 23(a)(4): Plaintiffs are adequate class representatives because their interests do not conflict with the interests of the other members of the Classes they seek to represent; Plaintiffs have retained counsel competent and experienced in complex class action litigation; and Plaintiffs intend to prosecute this action vigorously. The interests of the Class will be fairly and adequately protected by Plaintiffs and their counsel.

46.   <u>Declaratory and Injunctive Relief</u>. Federal Rule of Civil Procedure 23(b)(2): TomTom has acted or refused to act on grounds generally applicable to Plaintiffs and the other members of the Class, thereby making appropriate final injunctive relief and declaratory relief with respect to the Class as a whole.

47.    <u>Superiority</u>. Federal Rule of Civil Procedure 23(b)(3): A class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. The damages or other financial detriment suffered by Plaintiffs and the other Class members are relatively small compared to the burden and expense that would be required to individually litigate their claims against TomTom, so it would be impracticable for the members of the Class to individually seek redress for TomTom's wrongful conduct. Even if Class members could afford individual litigation, the court system could not. Individualized litigation creates a potential for inconsistent or contradictory judgments, and increases the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

**<u>VIOLATIONS ALLEGED</u>**

**<u>FIRST CAUSE OF ACTION</u>**
**VIOLATIONS OF THE NEW JERSEY CONSUMER FRAUD ACT,**
**N.J.S.A. § 56:8-2, *et seq.* ("CFA")**

48.    Plaintiffs hereby incorporate by reference the allegations contained in the preceding paragraphs of this Complaint.

16

49.     The New Jersey Consumer Fraud Act, N.J. Stat. Ann. §§ 56:8-1, *et seq.* ("NJCFA") protects consumers against "any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise…" N.J.S.A. 56:8-2.

50.     Plaintiffs and Class members are consumers who purchased Defendant's GPS Products.

51.     In the course of Defendant's business, it knowingly concealed, suppressed, and omitted the fact that the Lifetime Maps guarantee would not be supported for the lifetime of the GPS Products, with the intent that Plaintiffs and the proposed classes rely upon that concealment, suppression, and omission when purchasing the GPS Products. Defendant's representations regarding its "Lifetime Maps" is material to a reasonable consumer because if it were disclosed that the Lifetime Maps were not, in fact, offered for the lifetime of the GPS Products, Plaintiffs and the members of the classes would not have purchased the GPS Products, or would have paid less for them.

52.     Defendant has engaged in unfair and deceptive trade practices, including representing that the GPS Products have characteristics, uses, benefits, and qualities which they do not have; representing that the GPS Products are of a

particular standard and quality when they are not; advertising the GPS Products with the intent to not sell them as advertised; and otherwise engaging in conduct likely to deceive. Further, Defendant's acts and practices described herein offend established public policy because of the harm they cause to consumers and motorists outweighs any benefit associated with such practices, and because Defendant fraudulently concealed the true terms of the "Lifetime Maps" from consumers.

53.    Defendant's actions as set forth above occurred in the conduct of trade or commerce.

54.    Defendant's conduct caused Plaintiffs and Class members to suffer an ascertainable loss. Plaintiffs and the other Class members bought GPS Products they otherwise would not have, overpaid for their GPS Products, did not receive the benefit of their bargain, and their GPS Products suffered a diminution in value.

55.    Plaintiffs' and other class members' damages are the direct and foreseeable result of Defendants' unlawful conduct. Had Defendant disclosed the true facts related to the Lifetime Maps, consumers would not have purchased or would have paid less for the GPS Products.

## SECOND CAUSE OF ACTION
### VIOLATIONS OF NEW YORK GENERAL BUSINESS LAW § 349
### (On Behalf of the New York Class)

56.     Plaintiffs hereby incorporate by reference the allegations contained in the preceding paragraphs of this Complaint.

57.     New York's General Business Law § 349 makes unlawful "[d]eceptive acts or practices in the conduct of any business, trade or commerce."

58.     In the course of Defendant's business, it knowingly concealed, suppressed, and omitted the fact that the Lifetime Maps guarantee would not be supported for the lifetime of the GPS Products, with the intent that Plaintiffs and the proposed classes rely upon that concealment, suppression, and omission when purchasing the GPS Products. Defendant's representations regarding its "Lifetime Maps" is material to a reasonable consumer because if it were disclosed that the Lifetime Maps were not, in fact, offered for the lifetime of the GPS Products, Plaintiffs and the members of the classes would not have purchased the GPS Products, or would have paid less for them.

59.     Accordingly, Defendant engaged in unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices as defined in N.Y. Gen. Bus. Law § 349, including representing that the GPS Products had characteristics, uses, benefits, and qualities which they do not have; representing that the GPS Products are of a particular standard and quality when they are not; advertising the GPS Products with the intent not to sell them as advertised; and otherwise engaging in conduct likely to deceive.

60.    Defendant's actions as set forth above occurred in the conduct of trade or commerce.

61.    Defendant's conduct proximately caused injuries to Plaintiff Provost and the New York Class Members.

62.    Plaintiff Provost and the New York Class Members were injured as a result of Defendant's conduct in that they overpaid for their GPS Products and did not receive the benefit of their bargain, and their GPS Products have suffered a diminution in value. These injuries are the direct and natural consequence of TomTom's misrepresentations and omissions.

### THIRD CAUSE OF ACTION
### VIOLATIONS OF NEW YORK GENERAL BUSINESS LAW § 350
### (On Behalf of the New York Class)

63.    Plaintiffs hereby incorporate by reference the allegations contained in the preceding paragraphs of this Complaint.

64.    New York's General Business Law § 350 makes unlawful "[f]alse advertising in the conduct of any business, trade or commerce[.]" False advertising includes "advertising, including labeling, of a commodity . . . if such advertising is misleading in a material respect," taking into account "the extent to which the advertising fails to reveal facts material in the light of . . .  representations [made] with respect to the commodity . . . ." N.Y. Gen. Bus. Law § 350-a.

65.    Defendant caused to be made or disseminated through New York, through advertising, marketing, and other publications, statements that were untrue or misleading, and which were known, or which by the exercise of reasonable care should have been known to Defendant, to be untrue and misleading to consumers, including Plaintiff Provost and the New York Class Members

66.    Plaintiff Provost and the New York Class Members have suffered injury, including the loss of money or property, as a result of Defendant's false advertising. In purchasing the GPS Products, Plaintiff Provost and the New York Class Members relied on the misrepresentations and/or omissions of including representing that the GPS Products have characteristics, uses, benefits, and qualities which they do not have; representing that the GPS Products are of a particular standard and quality when they are not; advertising the GPS Products with the intent not to sell them as advertised; and otherwise engaging in conduct likely to deceive. Had Plaintiff Provost and the New York Class members known this, they would not have purchased the GPS Products and/or paid as much for them.

67.    Accordingly, Plaintiff Provost and the New York Class Members overpaid for their GPS Products and did not receive the benefit of the bargain for their GPS Products, which have also suffered diminution in value.

68.     Plaintiff Provost, individually and on behalf of the New York Class Members, request that this Court enter such orders or judgments as may be necessary to enjoin Defendant from continuing its unfair, unlawful and/or deceptive practices. Plaintiff Provost and the New York Class Members are also entitled to recover their actual damages or $500, whichever is greater. Because Defendant acted willfully or knowingly, Plaintiff Provost and the New York Class Members are entitled to recover three times actual damages, up to $10,000.

**FOURTH CAUSE OF ACTION**
**VIOLATION OF MAGNUSON-MOSS WARRANTY ACT,**
**15 U.S.C. § 2301, *et seq*. ("MMWA")**
**(On Behalf of the Nationwide Class or, Alternatively, the New York and New Jersey Classes)**

69.     Plaintiffs hereby incorporate by reference the allegations contained in the preceding paragraphs of this Complaint.

70.     The MMWA provides a private right of action by purchasers of consumer products against retailers who, *inter alia*, fail to comply with the terms of an implied or written warranty.  15 U.S.C. § 2310(d)(1).  As alleged herein, FCA has failed to comply with its implied warranty of merchantability with regard to the GPS Products.

71.     The Class Products are consumer products, as that term is defined in 15 U.S.C. § 2301(1).

72.    Plaintiffs and each member of the Class are consumers, as that term is defined in 15 U.S.C. § 2301(3).

73.    TomTom is a supplier and warrantor, as those terms are defined in 15 U.S.C. § 2301(4)-(5).

74.    The MMWA provides a cause of action for breach of warranty or other violations of the Act.    15 U.S.C. § 2310(d)(1).    TomTom breached the implied warranty of merchantability for the Class Products, as alleged herein, which it cannot disclaim under the MMWA, 15 U.S.C. § 2308(a)(1), by failing to provide merchantable goods.    Plaintiffs have suffered damages as a result of TomTom's breach of the implied warranty of merchantability as set forth herein.    15 U.S.C. § 2310(d)(1)-(2).

75.    TomTom was provided notice of the claims raised by Plaintiffs and was afforded a reasonable opportunity to cure.    Until Plaintiffs' representative capacity is determined, notice and opportunity to cure through Plaintiffs, and on behalf of the Class, can be provided under 15 U.S.C. § 2310(e).

76.    TomTom's acts and omissions in violation of the MMWA are "[u]nfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce," and they are unlawful.    15 U.S.C. § 2310(b); 15 U.S.C. § 45(a)(1).

77.    Plaintiffs and the Class Members have suffered, and are entitled to recover, damages as a result of TomTom's breach of implied warranty and violations of the MMWA.

78.    Plaintiffs also seek an award of costs and expenses, including attorneys' fees, under the MMWA to prevailing consumers in connection with the commencement and prosecution of this action.  15 U.S.C. § 2310(d)(2).  Plaintiffs and the prospective Class intend to seek such an award, including expert witness costs and other recoverable costs, as prevailing consumers at the conclusion of this lawsuit.

## FIFTH CAUSE OF ACTION
## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY
### (On Behalf of the Nationwide Class or, Alternatively, the New York and New Jersey Classes)

79.    Plaintiffs hereby incorporate by reference the allegations contained in the preceding paragraphs of this Complaint.

80.    TomTom manufactured and distributed GPS Products throughout the United States for sale to Plaintiffs and the Class Members.

81.    TomTom impliedly warranted to Plaintiffs and members of the Class that their Class Products were merchantable and fit for their ordinary purpose for which such goods are used.

24

82.    As alleged herein, TomTom breached the implied warranty of merchantability because it unilaterally discontinued providing Lifetime Maps to the GPS Products.  The maps provided through the GPS Products are out-of-date and therefore unmerchantable, and unfit for their ordinary, intended purpose.

83.    Plaintiffs did not receive or otherwise have the opportunity to review, at or before the time of sale, the written warranty containing the purported exclusions and limitations of remedies.  Accordingly, any such exclusions and limitations of remedies are unconscionable and unenforceable.  Any purported warranty disclaimers, exclusions, and limitations were unconscionable and unenforceable.  As a direct and proximate result of the breach of implied warranty of merchantability, Plaintiffs and members of the Class have been injured in an amount to be proven at trial.

## SIXTH CAUSE OF ACTION
## BREACH OF EXPRESS WARRANTY
### (On Behalf of the Nationwide Class or, Alternatively, the New York and New Jersey Classes)

84.    Plaintiffs hereby incorporate by reference the allegations contained in the preceding paragraphs of this Complaint.

85.    Defendant provided all purchasers of the GPS Products with the express warranties described herein, which became part of the basis of the bargain.

25

86.    Defendant breached these warranties by discontinuing Lifetime Maps for the GPS Products.

87.    Plaintiffs notified Defendant of the breach within a reasonable time though they were not required to do so because affording Defendant a reasonable opportunity to cure its breach of written warranty would have been futile.

88.    As a direct and proximate cause of Defendant's breach, Plaintiffs and the other Class Members bought GPS Products they otherwise would not have, overpaid for their GPS Products, did not receive the benefit of their bargain, and their GPS Products suffered a diminution in value.

89.    Defendant's attempt to disclaim or limit these express warranties are unconscionable and unenforceable under the circumstances here.

90.    Specifically, Defendant's warranty limitation is unenforceable because it knowingly sold a product without informing consumers about its intent to discontinue Lifetime Maps.

91.    The time limits contained in Defendant's warranty period were also unconscionable and inadequate to protect Plaintiffs and members of the Class. Among other things, Plaintiffs and Class Members had no meaningful choice in determining these time limitations the terms of which unreasonably favored Defendant. A gross disparity in bargaining power existed between Defendant and

the Class Members, and Defendant knew it would discontinue its Lifetime Maps program well before the end of the GPS Products' useful lives.

92.    Plaintiffs and the Class Members have complied with all obligations under the warranty, or otherwise have been excused from performance of said obligations as a result of Defendant's conduct described herein.

### SEVENTH CAUSE OF ACTION
### UNJUST ENRICHMENT
**(On Behalf of the Nationwide Class or, Alternatively, the New York and New Jersey Classes)**

93.    Plaintiffs incorporate by reference all allegations of the preceding paragraphs as though fully set forth herein.

94.    Plaintiffs and the Class Members conferred a benefit on Defendant by purchasing the GPS Products.

95.    Defendant had knowledge that this benefit was conferred upon it.

96.    Because of its wrongful acts and omissions, Defendant charged a higher price for the GPS Products than the GPS Products' true value and Defendant obtained money which rightfully belongs to Plaintiffs and the Class Members.

97.    Defendant has been unjustly enriched at the expense of Plaintiffs and the Class and its retention of this benefit under the circumstances would be inequitable.

27

98.    Plaintiffs seek an order requiring Defendant to make restitution to them and the other members of the Class.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of members of the Class and Subclasses, respectfully request that the Court enter judgment against Defendant and in favor of Plaintiffs, the Class, and Subclasses, and award the following relief:

A.    Certification of this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, declaring Plaintiffs the representatives of the Class and Subclass, and Plaintiffs' counsel as counsel for the Class and Subclass;

B.    An order awarding declaratory relief and temporarily and permanently enjoining TomTom from continuing the unlawful, deceptive, fraudulent, and unfair business practices alleged in this Complaint;

C.    Appropriate injunctive and/or declaratory relief, including, without limitation, an order that requires Defendant to continuing providing Lifetime Maps updates to the GPS Products;

D.    Damages;

E.    A declaration that Defendant is financially responsible for all Class notice and the administration of Class relief;

F.    An order awarding any applicable statutory and civil penalties;

G.    An order requiring Defendant to pay both pre- and post-judgment interest on any amounts awarded;

H.    An award of costs, expenses, and attorneys' fees as permitted by law; and

I.    Such other or further relief as the Court may deem appropriate, just, and equitable.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial for all claims so triable.

Dated: July 12, 2019                    Respectfully submitted,

                                        */s/Joseph G. Sauder*
                                        Joseph G. Sauder
                                        Matthew D. Schelkopf
                                        Joseph B. Kenney
                                        **SAUDER SCHELKOPF**
                                        555 Lancaster Avenue
                                        Berwyn, PA 19312
                                        Telephone: (888) 711-9975
                                        Facsimile: (610) 421-1326
                                        jgs@sstriallawyers.com
                                        mds@sstriallawyers.com
                                        jbk@sstriallawyers.com

                                        *Attorneys for Plaintiffs*

29